FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 9:45 am, Jun 05, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| DENNIS J. JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CIVIL ACTION NO.: 2:18-cv-137 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  Doc. 1.  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety.  Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.  I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

### PLAINTIFF'S CLAIMS[1]

Plaintiff alleges Defendant's employee, a discipline hearing officer ("DHO") at the Federal Correctional Institution in Estill, South Carolina ("FCI Estill"), filed a disciplinary report and falsely named Plaintiff as a witness to a fight between two other inmates.  Doc. 1 at 6–7.  Plaintiff claims as a result of the false disciplinary report, another inmate challenged him to a

---

[1] All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 1.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

fight and punched him in the face, breaking a bone in his mouth. Id. at 7. As compensation for his injury, Plaintiff seeks $50,000. Id. at 8.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

**DISCUSSION**

**I.    Plaintiff Fails to State a Claim Upon Which Relief may be Granted**

Plaintiff articulates his claim against the United States as both "libel" and "liable misconduct" by a DHO officer.  However, even construing Plaintiff's claim liberally and considering both potential causes of action, Plaintiff fails to state a claim upon which relief can be granted.

As an initial matter, the United States is immune from suit unless there has been an unequivocal waiver of immunity.  United States v. Nordic Village, Inc., 503 U.S. 30, 32 (1992); United States v. Sherwood, 312 U.S. 584, 586 (1941).  Waiver of sovereign immunity is a prerequisite to subject matter jurisdiction.  Sherwood, 312 U.S. at 586.  The United States has not waived its sovereign immunity from suit for money damages arising from constitutional violations.  United States v. Timmons, 672 F.2d 1373, 1380 (11th Cir. 1982).  Additionally, construed as a common law tort claim for libel brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–80, Plaintiff fails to state a claim.  The FTCA specifically states it does not waive the United States' sovereign immunity for claims arising out of libel and slander.  See 28 U.S.C. § 2680(h).  Thus, Plaintiff's claims for money damages against the United States are barred by sovereign immunity.

Moreover, an entity like the United States cannot be sued under Bivens, for "a Bivens claim is brought against the individual official for his or her own acts, not the acts of others." Ziglar v. Abbasi, 137 S. Ct. 1843, 1860 (2017).  "The purpose of Bivens is to deter the officer." FDIC v. Meyer, 510 U.S. 471, 485 (1994).  Even if Plaintiff had named a proper defendant, the Court will not extend Bivens to Plaintiff's cause of action.  In Bivens, the Supreme Court implied a Fourth Amendment claim for damages against federal officials, even though no federal

statute authorized such a claim.  The Court later extended Bivens' reach to cover limited claims under the Fifth and Eighth Amendments.  See Davis v. Passman, 442 U.S. 228 (1979); Carlson v. Green, 446 U.S. 14 (1980).  But Bivens' expansion has since become "a 'disfavored' judicial activity," and the Court has generally expressed doubt about its authority to recognize causes of action not expressly created by Congress.  Ziglar, 137 S. Ct. at 1857.

When considering whether to extend Bivens, the Court uses a two-step inquiry that first asks whether the request involves a claim that arises in a "new context" or involves a "new category of defendants."  Corr. Srvcs. Corp. v. Malesko, 534 U.S. 61, 68 (2001).  If so, the Court then asks whether there are any "special factors [that] counse[l] hesitation" about granting the extension.  Ziglar, 137 S. Ct. at 1857.

Plaintiff's claims arise in a new context.  No court has recognized a Bivens remedy for a a guard's misidentification of an inmate as a witness to a fight, nor will this Court permit such an novel and unusual extension of Bivens.  As a practical matter, it would be unwise to chart a new course based on the allegations in Plaintiff's Complaint.  The allegations are vague, conclusory, and disjointed, making the claims largely indecipherable.  Plaintiff fails to allege that any federal officer knowingly or intentionally subjected Plaintiff to a greater risk of harm by incorrectly identifying him in the disciplinary report.  Additionally, the "special factors" referenced in Ziglar further counsel against extending a Bivens remedies in this case.  137 S. Ct. at 1860.  First, to the extent Plaintiff's complaints are valid, he has available to him an alternative remedy: he may prevail upon the prison grievance system.  Id. at 1858.  Second, "legislative action suggest[s] that Congress does not want a damages remedy" for a claim like this.  Id. at 1865.  Because Congress has considered prisoner abuse in the context of passing the Prison Litigation Reform Act and has "been active in the area of prisoners' rights," there are significant reasons counseling against

extending Bivens.  Id.  In light of these factors, I find a Bivens remedy should not be extended to Plaintiff's Eighth Amendment claims and **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint.

## II.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

**CONCLUSION**

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any party seeking to object to this Report and Recommendation is instructed to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. See 28 U.S.C. § 636(b); Federal Rule of Civil Procedure 72(b)(2). Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Furthermore, it is not necessary for a party to repeat legal arguments in objections. The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United

6

States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 5th day of June, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA